TAM
3-15-23
2:45p

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 BANNOCK STREET<br>DENVER, CO 80202<br><br>**PLAINTIFF:** KACEY EBERSOLE, individually and on behalf of all similarly situated persons<br><br>v.<br><br>**DEFENDANT:** DILLON COMPANIES, LLC | |
| | ∆   COURT USE ONLY   ∆ |
| Attorneys for Plaintiff:<br><br>Alexander Hood, Atty Reg. # 42775<br>Towards Justice<br>PO Box 371680, PMB 44465<br>Denver, CO 80237-5680<br>720-239-2606<br>alex@towardsjustice.org | Case Number: 2023CV30353<br><br><br><br>Ctrm/Div: 466 |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO: DILLON COMPANIES, LLC**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: ____March 8, 2023____    s/Alexander Hood
_____
Alexander Hood, Atty Reg. # 42775

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 BANNOCK STREET<br>DENVER, CO 80202 | DATE FILED: January 31, 2023 8:12 PM<br>FILING ID: E9241416B1ED9<br>CASE NUMBER: 2023CV30353 |
| **PLAINTIFF:** KACEY EBERSOLE, individually and on behalf of all similarly situated persons<br><br>v.<br><br>**DEFENDANT:** DILLON COMPANIES, LLC | |
| | ∆   COURT USE ONLY   ∆ |
| Attorney for Plaintiff:<br><br>Alexander Hood, Atty Reg. # 42775<br>Towards Justice<br>PO Box 371680, PMB 44465<br>Denver, CO 80237-5680<br>720-239-2606<br>alex@towardsjustice.org | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; AND

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☒ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

JDF 601SC  R3-18  DISTRICT COURT CIVIL (CV) CASE COVER SHEET                     Page 1 of 2

☐ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.
☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

*January 31, 2023*                                     *s/Alexander Hood*
_____            _____
Date                                                   Plaintiff's Counsel

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 BANNOCK STREET<br>DENVER, CO 80202<br><br>**PLAINTIFF:** KACEY EBERSOLE, individually and on behalf of all similarly situated persons<br><br>v.<br><br>**DEFENDANT:** DILLON COMPANIES, LLC | DATE FILED: January 31, 2023 8:12 PM<br>FILING ID: E9241416B1ED9<br>CASE NUMBER: 2023CV30353<br><br><br><br>Δ    COURT USE ONLY    Δ |
| Attorneys for Plaintiff:<br><br>Alexander Hood, Atty Reg. # 42775<br>Towards Justice<br>PO Box 371680, PMB 44465<br>Denver, CO 80237-5680<br>720-239-2606<br>alex@towardsjustice.org | Case Number:<br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT** ||

Plaintiff Kacey Ebersole ("Plaintiff") by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class Action Complaint* against Defendant Dillon Companies, LLC ("Defendant").

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, an individual and resident of the State of Colorado, was employed by Defendant.

2. Defendant is a Kansas limited liability company with its principal place of business in the State of Ohio.

3. Venue in this Court is proper pursuant to C.R.C.P. 98 because Defendant is a nonresident foreign business entity.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. § 13-1-124 and the Colorado Constitution.

## FACTUAL BACKGROUND

5. Defendant owns and operates grocery stores in Colorado, including City Market and King Soopers stores.

6. Plaintiff was an hourly worker for Defendant.

7. Defendant employed Plaintiff and those similarly situated.

8. Defendant had the power to hire and fire and supervised and controlled work schedules and conditions of employment for Plaintiff and those similarly situated. This includes determining work schedules and supervising day-to-day work in the restaurants.

9. Defendant determined the rate and method of pay and maintained employment records for Plaintiff and those similarly situated. This includes issuing payroll and maintaining payroll records.

10. Plaintiff was employed bby Defendant from in or around 2017 to the present, and has been an hourly employee since October 2022.

11. From approximately sometime in 2022 to the present, following the introduction of new payroll or timekeeping software, Defendant's payroll system for its Colorado hourly employees has been malfunctioning.

12. Plaintiff and those similarly situated did not receive regular paychecks, and/or received incomplete or inaccurate paychecks from 2022 through the present.

13. And although Defendant has attempted to reimburse its employees for some of the missed pay, Plaintiff and those similarly situated remain uncompensated for large amounts of time worked.

14. As a result, Plaintiff and those similarly situated were not paid at all for at least some hours worked.

15. Plaintiff and those similarly situated are owed unpaid wages, including Colorado minimum wage, Colorado overtime, straight time wages, and contractual holiday pay.

## CLASS ACTION ALLEGATIONS

16. This is a C.R.C.P. 23 class action on behalf of Plaintiff and a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

**ALL OF DEFENDANT'S HOURLY EMPLOYEES WORKED FOR DEFENDANT IN COLORADO FROM THE 2022 INTRODUCTION OF THE NEW PAYROLL/TIMEKEEPING SOFTWARE THROUGH FINAL JUDGMENT.**

17. This action is properly brought as a class action for the following reasons:

a. The Class is so numerous that joinder of all Class Members is impracticable.

b. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's records. Plaintiff was subjected to the same rules and policies as all other workers that form the basis of the alleged violation. Defendant applied its policies to Plaintiff just as it did with all Class Members.

e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**FIRST CLAIM FOR RELIEF**
**(Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*)**

18. Plaintiff incorporates by reference all paragraphs above.

19. At all material times, Defendant has been an "employer" within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

20. At all material times, Defendant employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

21. As a result of the foregoing conduct, as alleged, Defendant failed to pay wages due thereby violating, and continuing to violate, the Colorado Wage Claim Act. These violations

were committed knowingly, willfully and with reckless disregard of applicable law.

22. As a result, Plaintiff has been damaged in an amount to be determined at trial.

23. Plaintiff and the Class Members are entitled to all unpaid wages under various provisions of the statute, *e.g.*, C.R.S. §§ 8-4-103, -109, -110, as well as other compensatory damages, including damages for emotional distress, and penalties.

24. Plaintiff and the Class members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

## SECOND CLAIM FOR RELIEF
(Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, *et seq.*)

25. Plaintiff incorporates by reference all paragraphs above.

26. At all material times, Defendant has been an "employer" within the meaning of the Colorado Minimum Wage Act.

27. At all material times, Defendant employed, and continue to employ, "employees," including Plaintiff and Class Members, within the meaning of the Colorado Minimum Wage Act.

28. Plaintiff and Class Members were employees of Defendant within the meaning of the Colorado Minimum Wage Act.

29. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the Colorado Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

30. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial, including unpaid minimum wage and overtime.

31. Plaintiff and the Class members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

## THIRD CLAIM FOR RELIEF
(Civil Theft, C.R.S. § 18-4-405)

32. Plaintiff incorporates by reference all paragraphs above.

33. At all material times, Defendant has been an "employer" within the meaning of the Colorado Minimum Wage Act.

34. At all material times, Defendant employed, and continues to employ, "employees," including Plaintiff and Class Members, within the meaning of the Colorado Minimum Wage Act.

35. Plaintiff and Class Members were employees of Defendant within the meaning of the Colorado Minimum Wage Act.

36. Defendant knew it failed to pay Plaintiff and Class Members minimum wage because Defendant knew its timekeeping and payroll systems were malfunctioning causing employees to not be paid for all hours worked.

37. Defendant's knowing failure to pay minimum wage under the Colorado Minimum Wage Act constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

38. As a result, Defendant's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

39. Plaintiff and Class Members are entitled to treble damages and attorney's fees to be determined at trial.

40. Plaintiff and the Class members are also entitled to costs, statutory interest, and all other relief deemed appropriate by the Court.

## JURY DEMAND

41. Plaintiff demands a trial by jury as to all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members their compensatory damages, attorney's fees and litigation expenses as provided by law;

4. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

5

Respectfully submitted this January 31, 2023.

*s/Alexander Hood*

Alexander Hood

*Counsel for Plaintiff*